UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TIREECE COLE-JACKSON**           :  | **DOCKET NO. 2:18-cv-1161** |
| **REG. # 17579-064** | **SECTION P** |
| **VERSUS**           : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON**           : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Tireece Cole-Jackson. Cole-Jackson is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**I.**
**BACKGROUND**

Cole-Jackson brings this petition seeking expungement of an incident report and restoration of earned good time credit lost through disciplinary proceedings relating to that report. Doc. 1, p. 8. The incident report and disciplinary proceedings in question occurred at the Federal Correctional Institution at Englewood, Colorado ("FCIE"). *See* doc. 1, att. 2, pp. 11–15. He also complains of

the handling of administrative remedies by the BOP. Doc. 1, pp. 6–8. Cole-Jackson now brings the instant petition for writ of habeas corpus, arguing that his disciplinary report should be expunged and good time credit restored because the incident was investigated by the same officer who wrote the report, in violation of BOP policy. *Id.* at 7. He also alleges that he was denied due process by the denials of his attempts at administrative remedy as untimely. *Id.* at 6–8.

## II.
### LAW & ANALYSIS

#### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

#### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for habeas relief by a federal prisoner is premature when the prisoner fails to exhaust his

administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Under the Prison Litigation Reform Act ("PLRA"), exhaustion is an affirmative defense. *See Jones v. Bock*, 127 S.Ct. 910 (2007). The PLRA does not apply to habeas proceedings and nothing in *Jones* prohibits the *sua sponte* dismissal of a § 2241 petition on exhaustion grounds. *See, e.g., Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); *accord Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)). Exceptions to the exhaustion requirement apply only in extraordinary circumstances. *Castano v. Everhart*, 235 Fed.Appx. 206, 207–08 (5th Cir. 2007). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

Cole-Jackson's claims of a due process violation in the handling of his administrative remedies are not grounds for habeas relief because they would not entitle him to accelerated release. Instead, they are arguments in favor of administrative exhaustion of the current petition. This petition presents circumstances that might provide for an exception to the exhaustion requirement, namely relating to the handling of his original BP-10 by the North Central Regional Office and his second BP-10 by the South Central Regional Office. *See* doc. 1, pp. 1–4. Accordingly, we decline to evaluate administrative exhaustion on initial review.

In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good-time credit. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013). Thus, because a loss of good-time credits is involved in this

proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

The record provided by Cole-Jackson shows that the disciplinary conviction arose from an incident report filed on September 19, 2015, and relating to events that occurred that morning. Doc. 1, att. 2, p. 12. The incident report was completed by Lieutenant Wilson. It stated that cook supervisor Muehl reported observing Cole-Jackson and another inmate yelling loudly at each other in the storage room of food service, and that the inmates appeared to have just been in a physical altercation. *Id.* Cole-Jackson told Wilson that the other inmate had been yelling at him in a disrespectful way and that they had squared off against each other in the doorway. *Id.* He admitted that they had started to wrestle but denied striking the other inmate with his fists, and stated that the other inmate's injuries must have come from the doorway or the shelving unit. *Id.* He also admitted that he had attempted to mop up this blood before Muehl arrived. *Id.* Cole-Jackson was charged with Prohibited Act Code 201, Fighting with Another Person. *Id.* The matter was referred to the Disciplinary Hearing Officer ("DHO") for a hearing, which took place on October 21, 2015. *Id.* at 12–13.

According to the DHO hearing report, Cole-Jackson requested and received a staff representative. *Id.* at 13. He did not request any witnesses or submit any documentary evidence, and his statement was summarized as follows:

> I do take responsibility for my actions in the incident. I feel it is a conflict of interest how this occurred. [The other inmate] kept yelling my name. I asked him to stop yelling my name and he said he could yell my name anytime he wanted. He put his finger in my face and that is when the altercation started. We grabbed each other and wrestled around. We tussled in the storage room. I never punched him. Someone yelled here comes Muehl and we broke up. We broke up before staff got there. I didn't cause any of his injuries.

*Id.* The DHO noted Cole-Jackson's belief that the incident report/investigation was not handled properly because "[it] should have been referred to the [Special Investigative Services] Department for investigation and not written by Lt. Wilson." *Id.* at 14. He responded that "[o]bviously staff believed there was sufficient evidence of a fight without an investigation by the SIS Department." *Id.* He also stated that the photographs and injury assessment showed that the other inmate received "injuries consistent with fighting," including abrasions to his scalp, the right side of his face and right upper arm, and injuries to his hands, while Cole-Jackson had no documented injuries. *Id.* Based on this evidence and Cole-Jackson's admission, he determined that Cole-Jackson had committed the charged offense. *Id.* Accordingly, he sentenced Cole-Jackson to deprivation of 27 days of good conduct time and 30 days of commissary privileges, and a suspended term of 30 days of restriction to quarters pending 90 days of clear conduct. *Id.*

Cole-Jackson's sole challenge to his disciplinary conviction is that the investigation of the incident violated BOP Program Statement 5270.09(B). Doc. 1, p. 7. That rule provides, in relevant part, that the discipline process begins with the issuance of an incident report. BOP Prog. Statement 5270.09, § 541.5(a), *available at* https://www.bop.gov/policy/progstat/5270_009.pdf. It goes on to state that a BOP employee will then investigate the report, and that the investigating officer

"may not be the employee reporting the incident or otherwise be involved in the incident." *Id.* at § 541.5(b).

From the DHO report, it appears that no investigation took place after the incident report was completed. Doc. 1, att. 2, p. 14. To the extent a violation of BOP policy occurred, either from the fact that Lieutenant Wilson completed the report in the first place or the fact that he did not forward it to another officer for further investigation, this does not show a right to habeas relief. "Collateral relief is not available for failure to comply with the formal requirements of rules in the absence of any indication that the petitioner was prejudiced." *Mackey v. Fed. Bureau of Prisons*, 440 Fed. App'x 373, 374–75 (5th Cir. 2011) (unpublished) (citing *Davis v. United States*, 94 S.Ct. 2298 (1974)). Cole-Jackson does not refute the evidence cited by the DHO, which amounts to ample grounds for finding that he committed the charged offense. Therefore any procedural flaw in the investigation was not prejudicial. Cole-Jackson fails to allege that his disciplinary proceedings otherwise fell short of the minimal procedural safeguards cited above. The record reflects that the requirements of *Wolff* and *Hill* were met. Accordingly, there is no basis for habeas relief and this petition should be denied.

### III.
#### CONCLUSION

For the reasons stated above, Cole-Jackson's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the claim relating to notice of the charges be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE